UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DE GAZELLE GROUP, INC.,

    Plaintiff,

v.                                                Case No:   6:13-cv-1430-Orl-31TBS

TAMAZ TRADING ESTABLISHMENT,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Entry of Default Final Judgment. (Doc 18).   Upon due consideration, I respectfully recommend that the motion be **granted**.

Background

Plaintiff filed this breach of contract action against Defendant Tamaz Trading Establishment on September 16, 2013.   (Doc. 1).   Plaintiff employed Federal Express to effect service of process on Defendant by sending copies of the summons and complaint to Faisal Mubarak Althewadi as registered agent in Al Dammamm, Saudi Arabia.   (Doc. 13 at 2).   As proof of service, Plaintiff has filed a signed Federal Express delivery record showing that the summons and complaint were delivered to "Receptionist/Front Desk," in Dammamm, Saudi Arabia on September 21, 2013.   (Doc. 7 at 3-4).   Defendant did not file any papers in response to the complaint and Plaintiff applied to the Court for the entry of a default.   (Doc. 9).   In its October 22, 2013 Order denying default, the Court

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

expressed concerns about the sufficiency of service of process on Defendant.  (Doc. 10). On March 4, 2014, Plaintiff filed a motion to extend time to file proof of service of process (Doc. 12) and a motion to serve defendant pursuant to Federal Rule of Civil Procedure 4(f)(3) (Doc. 13).  Attached to the second motion are copies of emails from and to Faisal Althewadi showing that Defendant has actual knowledge of this lawsuit.  (Id. at 4-7).  On March 19, 2014, the Court granted Plaintiff's motion to serve and denied as moot the motion to extend time.  (Doc. 15).  In doing so, the Court determined that,

> Plaintiff has shown good cause why leave should be granted to permit service of the summons and complaint on Defendant via Federal Express. The Court also finds that it is apparent from the emails provided that Defendant is aware of this lawsuit and has not been prejudiced by any irregularities in the method of service of process employed by Plaintiff.

(Id. at 3). The Clerk entered a default against Defendant on March 25, 2014. (Doc. 17). Plaintiff now moves for final default judgment. (Doc. 18).

## Discussion

The mere entry of a default by the Clerk does not necessarily require the Court to enter a default judgment.  DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).  To enter a judgment, pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought.  Id.  "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."  Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]  The Court has considered the well-pled allegations

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

and the record evidence in this case and finds that Plaintiff's averments support the entry of a default judgment against Defendant.

The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner . . . ." Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)). The Court has already determined that Plaintiff effected good service on Defendant on September 21, 2013. See (Doc. 15 at 3). Pursuant to Federal Rule of Procedure 12(a)(1), Defendant was required to respond to the complaint within twenty-one (21) days from the date of service, or by October 12, 2013. Defendant failed to respond to the complaint and has otherwise failed to appear in this action. Thus, the Clerk's default (Doc. 17) was properly entered.

To sustain an action for breach of contract under Florida law, a plaintiff must establish the following elements: "(1) a valid contract, (2) a material breach, and (3) damages." Havens v. Coast Florida, P.A., 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013); see Limu Co., LLC v. Burling, No. 6:12-cv-347-Orl-TBS, 2013 WL 3462327, at *5 (M.D. Fla. July 9, 2013) (citing Vega v. T-Mobile USA, Inc. 564 F.3d 1256, 1272 (11th Cir. 2009)).

Plaintiff has alleged that it entered into a written contract with Defendant to purchase, receive, and distribute men's footwear manufactured by Plaintiff, in Saudi Arabia, the Arabian Gulf Region, Jordan, Egypt, and Iraq between September 10, 2012 and September 10, 2014. (Doc. 1 ¶¶ 8-9).[3] The parties' contract was "approved and certified" by the Saudi Arabian Embassy and the United States State Department. (Id.

---

[3] Plaintiff attached to the Complaint what it purports to be a copy of the executed contract and amendment. See (Doc. 1-1 at 4-7, 12-13).

¶¶ 12-13). The contract required Defendant to purchase a minimum of 5,000 pairs of shoes in 2013, and 10,000 pairs of shoes in 2014. (Id. ¶ 15). The parties amended the contract to include women's footwear, women's handbags, and men's slippers. They also increased the minimum quantity of shoes Defendant would purchase to 20,000 pairs per year in each of years 2014-2018. (Id. ¶¶ 17-22).

In June, 2013, Defendant ordered $600,000 worth of shoes, sandals and handbags from Plaintiff. (Id. ¶ 23). Plaintiff alleges that it "manufactured the goods . . . according to defendant's specific requirements." (Id. ¶ 24). Plaintiff further alleges that Defendant breached the parties' contract when it failed to pay for the ordered goods. (Id. ¶ 25). After the breach, Plaintiff sent a demand letter to Defendant stating that the breach had occurred and requesting payment. (Id. ¶ 26). Defendant has acknowledged the money due Plaintiff in multiple written emails. (Id. ¶ 27).

Plaintiff calculates its damages as follows: (1) the average price for each pair of shoes, including shipping, is $50; (2) the average profit on each pair of shoes is $25; (3) Defendant promised to purchase a minimum of 100,000 pairs of shoes; accordingly (4) Plaintiff's damages are $2,500,000. (Id. ¶ 30).

By virtue of the default, Defendant has admitted Plaintiff's well-pled allegations. Nishimatsu, 515 F.2d at 1206. Therefore, upon due consideration, I conclude that Plaintiff has sustained a claim for breach of contract.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiff's Motion for Entry of Default Final Judgment (Doc. 18) be **GRANTED**;

2. Final Default Judgment be **ENTERED** in favor of Plaintiff and against Defendant; and

3. The Clerk be directed to **CLOSE** the case.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 8, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record