## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DE GAZELLE GROUP, INC., a**
**Florida Corporation,**

     Plaintiff,

**v.**

                               **Case No.: 6:13-cv-1430-Orl-31TBS**

**TAMAZ TRADING ESTABLISHMENT, a**
**Saudi Arabian Company,**

     Defendant.

_____/

### DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT INCLUDING MOTION TO VACATE DEFAULT FINAL JUDGMENT AND MOTION TO VACATE JUDICIAL DEFAULT FOR LACK OF VALID SERVICE OF PROCESS, INSUFFICIENT SERVICE OF PROCESS, AND FOR VOID SERVICE OF PROCESS AND MOTION TO QUASH SERVICE OF PROCESS BASED UPON FED. R. CIV., RULE 60(b)(1), (4) AND (6), RULE 55 (c) AND RULE 4(f)(2) AND (3) AND FOR OTHER RELIEF REQUESTED AND INCORPORATED MEMORANDUM OF LAW

The undersigned counsel, on behalf of Defendant, TAMAZ TRADING ESTABLISHMENT, (hereinafter "Defendant" or "TAMAZ") submits this Motion for Relief from the Default Judgment entered in this matter on April 28, 2014 including Defendant's Motion to Vacate Default Final Judgment and Motion to Vacate Judicial Default for Lack of Service of Process, Insufficient Service of Process and Void Service of Process and Motion to Quash Service of Process pursuant to Fed. R. Civ. Pro., Rule 60 (b)(1), (4) and (6), Rule 55(c) and pursuant to Fed. R. Civ. Pro., Rule 4 (f)(2) and (3) and for other relief requested including a stay of enforcement of the judgment, as grounds therefore and in support thereof, Defendant states as follows:

### DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PRO. RULE 60 (b)(1), (4) and (6) and RULE 4 (f)

Defendant, TAMAZ, moves this Court for Relief from the Federal Judgment entered pursuant to Fed. R. Civ. Pro., Rule 60(b)(1) (4) and (6) and requests that this Honorable Court enter orders that vacate the default final judgment, vacate the judicial default, and quash service of process based upon the following:

1. The default judgment was entered in this matter on April 28, 2014.

2. Fed. R. Civ. Pro., Rule 60(b) provides that the Court may relieve a party … from a final judgment for the following reasons:

> (1 )  mistake, inadvertence, surprise or excusable neglect;
> …
> (4)  the judgment is void;
> …
> (6)  any other reason that justifies relief.

3. In the present case, this Court, on its own initiative determined that it appeared that there had not been valid service of process in the case and the Court entered an Order to Show Cause Why the Case Should Not Be Dismissed for Failure to Effectuate Service of Process within 120 days under Fed. R. Civ. Pro., Rule 4(m). (D.E. #11).

4. In response to the Court's Order to Show Cause, Plaintiff filed Plaintiff's Motion to Serve Defendant with Summons and Complaint Pursuant to Federal R. Civ. Pro., Rule 4 (f)(3) (D.E. #13 ) along Plaintiff's Reply to the Order to Show Cause (D.E. #14) and Plaintiff's Motion for Extension of Time to effectuate service of process.  (D.E. #12). The Plaintiff persuaded the Court that service of process had been effectuated on the Defendant through service by Fedex at Defendant's Post Office Box in Dammamm, SA.

5. Plaintiff took no further steps to effectuate service of process on the Defendant and offered as the basis for the proceeding, in reliance upon a Fedex delivery, that Letters Rogatory were not available as Saudi Arabia was not a party to the Hague convention and because attempting service of process in Saudi Arabia was a dangerous venture that few process servers would attempt.  See Plaintiff's Motion to Serve Defendant with Summons and Complaint pursuant to Fed. R. Civ. Pro., Rule 4(f)(1) (D.E. #13, ¶3).

6.      Plaintiff allegedly effectuated service of process on Saturday, September 21, 2013 through service by delivering a fedex package to a receptionist at the PO Box address which service allegedly took place over the weekend of a nationally observed holiday (National Unification Day).    National Unification Day is Saudi Arabian Independence Day that was celebrated on Monday, September 23, 2013.

7.      According to records from Fedex of the alleged delivery, no signature was requested by the party requesting the Fedex International delivery.  (See Exhibit 1).

8.      It is also notable that Fedex in Saudi Arabia is not run by Fedex, rather Fedex in Saudi Arabia is run by an independent contractor.  (See Exhibit 2).

9.      It appears Plaintiff requested a copy of the proof of delivery which is the document which Plaintiff refers to as "Proof of Delivery".   (See Composite Exhibit 3).

10.      The document titled Proof of Delivery purportedly evidencing delivery of the summons and the complaint to the Defendant, was not signed for by the Defendant.

11.      The document obtained by the Defendant's counsel from Fedex, which indicates that no signature was required by the shipper, at the time of delivery differs from the document obtained from Fedex by the Plaintiff.   (See Exhibit 1 and compare to Composite Exhibit 3).

12.      According to Fedex records, a shipper has up to a year to request proof of delivery from Fedex.

13.      The fact that Plaintiff did not request signature service for the international delivery renders the delivery by Fedex to a Receptionist/Front Desk unreliable and incapable of being verified.   The Defendant denies receiving the summons and the

complaint. (See Form of Affidavit from Faisal Althawadi attached as Exhibit 4 – Original Affidavit to be Filed Separately by Notice of Filing).

14.     Under Fed. R. Civ. Pro., Rule 4 (f)(2)(C)(i) or (ii), Plaintiff's attempted service of process would not be valid as the Defendant was neither personally served with the summons and complaint nor was the summons and complaint sent by the Clerk of Court by any form of mail in which the clerk addresses and sends to the individual and that requires a signed receipt.

15.     Under Fed. R. Civ. Pro., Rule 4 (f)(3), Plaintiff's attempt to effectuate service of process was invalid.

16.     Defendant's counsel filed this Motion to Vacate Judgment based upon Fed. R. Civ. Pro., Rule 60(b) (1) based upon mistake, inadvertence, surprise, or excusable neglect, within a reasonable time from learning of the entry of the judgment which is less than one (1) year from the entry of the Final Judgment, and which is timely under Fed. R. Civ. Pro., Rule 60 (c)(1).   (See Form of Affidavit of Faisal Althawadi attached as Exhibit 4).

17.     Defendant's counsel filed this Motion to Vacate Judgment based upon Fed. R. Civ. Pro., Rule 60(b)(4) and (6) within a reasonable time from learning of the entry of the judgment based upon Fed. R. Civ. Pro., Rule 60(b)(4) the judgment which is void and based upon Fed. R. Civ. Pro., Rule 60(b)(6) and the other reasons that justify the relief of vacating the judgment.

**PLAINTIFF'S RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE THE DEFENDANT WITHIN 120 DAYS CONTAINED MISREPRESENTATIONS TO THE COURT AND OMISSIONS AND PLAINTIFF HAS FAILED TO ATTEMPT SERVICE AS PROVIDED FOR BY UNITED STATES LAW**

18.    In Plaintiff's Response to this Court's *sua sponte* Order to Show Cause (D.E. #10) why the case should not be dismissed for failure to effectuate service within 120 days of the filing of the complaint, the Plaintiff filed several documents which contained misrepresentations and/or omissions of material facts that were not brought to the Court's attention.

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME, PLAINTIFF'S MOTION TO SERVE DEFENDANT WITH SUMMONS AND COMPLAINT PURSUANT TO FED. R. CIV. PRO., RULE 4(f)(3) AND PLAINTIFF RESPONSE TO ORDER TO SHOW CAUSE COLLECTIVELY CONTAIN MISREPRESENTATIONS TO THE COURT AND OMISSIONS IN THE LAW WHICH WARRANT THE IMPOSITION OF SANCTIONS**

19.    Plaintiff misrepresented to the Court that the receipt from Fedex was served upon Mr. Faisal Mubarek Althawadi, the registered agent of the defendant. Plaintiff further misrepresented that the service of Mr. Althawadi took place at the mailing address at P.O. Box 10985, Al Dammamm, Saudi Arabia.  See Plaintiff's Motion for Default Final Judgment, Plaintiff's Motion for Extension of Time (D.E.#12, ¶1 and 2), Plaintiff's Motion to Serve Defendant with Summons and Complaint pursuant to Fed. R. Civ. Pro., Rule 4(f)(3) (D.E. #13, ¶7 and 8), Plaintiff's Reply to Order to Show Cause (D.E. # 14 ¶1).

20.    While this Court addressed the fact that service of process was allegedly effectuated by service upon a receptionist/front desk person, Plaintiff's counsel's lack of due diligence in pursuing any efforts to effectuate service of process is noteworthy.

21.  Plaintiff's counsel suggested to this Court that Letters Rogatory was not a proper means to effectuate service of process because Saudi Arabia is not a signatory to the Hague Convention Treaty on International Service of Process. (See Plaintiff's Motion to Serve Defendant with Summons and Complaint pursuant to Fed. R. Civ. Pro., Rule 4(f)(1) (D.E. #13, ¶3).

22. Plaintiff had available means to serve the Defendant through Fed. R. Civ. Pro., Rule 4(f)(2), however, Plaintiff failed to attempt service through this means despite receiving advice from an attorney in Saudi Arabia that this was the proper means to effectuate service of process in Saudi Arabia.  See Plaintiff's Reply to Order to Show Cause, which stated:

> **The undersigned counsel has since sought the assistance in the service of process laws in Saudi Arabia from a law firm based in Saudi Arabia, and <u>is still in the process of determining an acceptable and enforceable manner to serve process on the Defendant</u>.  The Saudi Arabian Attorney has suggested <u>that letters rogatory as the best means to effectuate service of process</u> [within Saudi Arabia] emphasis added in [ ], stating <u>that personal service of process within Saudi Arabia is a dangerous venture that few process servers would even attempt</u>.  Emphasis added in bold and underline.** (D.E. # 14 ¶2-3).

23. In the case of Saudi Arabia not being a party to an international agreement on service of process under Fed. R. Civ. Pro., Rule 4(f)(2), *Letters Rogatory,* are the proper means to effectuate service in Saudi Arabia under Federal law. *Title 22 Foreign Relations, Chapter 1 Department of State Sec 92.54,* applies when countries are not parties to an

international agreement on service of process. Plaintiff's counsel had a duty to apprise this Court of Letters Rogatory as the first acceptable method for service of process in Saudi Arabia and Plaintiff's counsel failed to do so.

24. As previously stated, the Plaintiff also had the option to utilize Saudi Arabian civil process servers to effectuate service of process under Fed. R. Civ. Pro., Rule 4 (f)(2)(A). The Plaintiff's reference to serving process in Saudi Arabia as a dangerous venture does not comport with the fact that the Saudi Arabian legal system has strict procedures in place for service of process within the Country as discussed in Section I, Part 2 of this Motion for Relief, Motion to Vacate and Motion to Quash.

25. Here, the Plaintiff elected not to follow either option available to effectuate service of process and instead, elected to utilize a means which did not provide the Defendant with sufficient notice of the claims that had been brought against the company. Plaintiff's counsel neither attempted to serve the Defendant through Letters Rogatory through the United States State Department or with the use of a Saudi Arabian process server pursuant to Saudi Arabian Law[1] and pursuant to Fed. R. Civ. Pro., Rule 4(f)(2) despite Plaintiff's counsel having been advised by a Saudi Arabian Attorney that these two means were the proper means to effectuate service of process in Saudi Arabia. Nor did Plaintiff's counsel apprise the Court of the availability of these two means of service of process in Saudi Arabia under Fed. R. Civ. Pro., Rule 4(f)(2).

---

[1] The Law of Procedure before Sharia Courts – Royal Decree No. M/21 Jumada 1. 1421 [19 August 2000] detailing procedures for service of process in Saudi Arabia.

## PLAINTIFF'S MOTION TO VACATE DEFAULT AND DEFAULT FINAL JUDGMENT UNDER FED. R. CIV. PRO. 55 (c)

26.    Motions to vacate defaults and motions to vacate default final judgments should be liberally granted to afford the parties the opportunity that the case be determined on the merits.  Jeyanandrajan v. Freedman, 863 So.2d 432,433 (Fla. 4th DCA 2003).  If there is any reasonable doubt in the matter [of vacating the default], it should be resolved in granting the application and allowing a trial on the merits.  Id.   Furthermore, Fed. R. Civ. Pro, Rule 55 (c) provides that "for good cause shown" the Court may set aside the entry of Default.  Under Rule 55 (c), "excusable neglect" is not a factor as it is in Florida. Fed. R. Civ. Pro, Rule 55 (c), has a more relaxed standard.  See E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F. 2d 524, 528 (11th Cir. 1990).  Good cause under federal court guidelines requires the Court to consider the following factors: (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir 1996).

27.  Defendant's default was neither willful nor culpable.  Setting aside the default would not prejudice the Plaintiff, particularly where the judgment should not have been entered under Florida law based upon the Plaintiff's unliquidated damages without a trial on the issue of damages.  Defendant has meritorious defenses to the Plaintiff's complaint including but not limited to the fact that the contract was not executed (statute of frauds), the goods do not conform to the product specifications and are inferior quality (Plaintiff's breach of the contract), the orders were not placed, and the complaint seeks damages not

recoverable under either Florida or Saudi Arabian law, the facts support estoppel, and Saudi Arabia is a more appropriate forum to hear the matter.

28.  In the present case, "good cause" exists for this Court to vacate the default final judgment and vacate the default as there are three legal bases and nine specific arguments, which support this Court vacating the default final judgment including Section I, Lack of Service of Process, Insufficiency of Service of Process, and Void Service of Process., Section II, Uncertainty and indefiniteness of Contract and Section III, Other bases for Relief Requested. Section I is organized in three parts numbered 1) , 2) and 3).  1) First, Plaintiff's alleged service of process under Fed. R. Civ. Pro., Rule 4 (f)(3) does not comport with the requirements of Federal law  as the proper means intended to inform the Defendant of the nature of the claims against him;  2) Second, Plaintiff's alleged service of process under Fed. R. Civ. Pro., Rule 4(f)(3) violates the procedural requirements of Saudi Arabia Law which set forth the legal requirements for service of process in Saudi Arabia; 3) Third, Plaintiff's alleged service of process under Fed. R. Civ. Pro., Rule 4(f)(3) does not comport with the requirements of Florida law to effectuate service of process.   Section II of this Motion is organized in three parts numbered 4), 5) and 6) that are concerned with Uncertainty and Indefiniteness in the Contract including Lost Profits Being the Basis for Plaintiff's Alleged Claims for Unshipped Orders discussed hereafter. 4) Fourth, based upon the face of the pleadings and attached contract being sued, the contract and the damages being sued for lacked an essential element for the formation of the contract, namely the price of the shoes;  5) Fifth, the damages being sued for are special damages which are unliquidated damages under Florida law and judgment cannot be entered without sworn evidence and a trial; 6) Sixth,  the damages being sued for violate Saudi Arabian Law which

prohibits "gharar" meaning the recovery of speculative damages including the recovery of alleged lost profits. National Group of Communications and Computers, Ltd. V. Lucent Technologies, 331 F. Supp. 2d 290 (M.D. New Jersey 2004). Part III of this Motion contains other bases for the relief requested including 7) Forum Non-Conveniens, 8) Estoppel and 9) Principles of Fairness and Justice. Defendant posits that each of these nine arguments provide the Court with a sufficient legal basis to vacate the Default Final Judgment, to vacate the Entry of the Default by the Court, and several arguments also serve as the basis for this Court to quash service of process.

29. The federal standard applicable to vacating defaults under Fed. R Civ. Pro., Rule 55(c) only requires a "bare minimal showing" to support the claim for relief. Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988). The Eleventh Circuit views defaults with disfavor. Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499. 1510 (11th Cir. 1984). Federal Courts, sitting in Florida, state that there is a strong policy of determining cases on their merits and defaults are viewed with disfavor. Woodbury v. Sears Roebuck& Co., 152 F.R.D. 229, 236 (M.D. Fla. 1993).

## SECTION I – LACK OF SERVICE OF PROCESS, INSUFFICIENCY OF PROCESS, VOID SERVICE OF PROCESS (1., 2., and 3.)

### 1. Plaintiff's Alleged Service of Process by Fedex Delivery under Fed. R. Civ. Pro., Rule 4(3)(c) was Invalid

30. The service of process allegedly effectuated in this case was insufficient to put Defendant on notice of the claims against his Company.   The legal procedure in Saudi Arabia and the legal procedures in effect in the Courts of the State of Florida, and in Federal Courts in the United States, are intended to ensure that the Defendant fully understands a

lawsuit has been filed against the party, in this case, a business, with an understanding of the Court from where the lawsuit originated, which includes notification of the case number, the Court, a description of the lawsuit filed, that a summons and complaint were being served, and otherwise provides the Defendant with sufficient information to understand the claims against him.

31. In the present case, Plaintiff's alleged service by Fedex delivery, leaving a package at a post office box facility with a receptionist/front desk person, lacks the necessary compliance with the procedural requirements of informing the Defendant of the nature of the lawsuit that has been filed against the company at the time of delivery of the lawsuit.

32.   Plaintiff obtained a judgment against the Defendant based upon the rule allowing for a signature delivery to a person under Fed. R. Civ. Pro., Rule 4 (f) (3) "by other means not prohibited by international agreement, or as the Court orders."

33. Here, the Plaintiff has persuaded the Court that leaving a copy of the summons and the complaint with a receptionist/front desk at a mailbox location as the address provided for a business, is sufficient notice to effectuate service under Fed. R. Civ. Pro., Rule 4 (f) (3).

34.  Plaintiff did not attempt service of process through either of the means available through the Federal Courts under Fed. Civ. Pro., Rule 4(f)(2) including Letters Rogatory or the use of a Saudi Arabian process server.   Service by mail is not an acceptable means of service of process in Saudi Arabia (see footnote 1, page 6).  (See Form of Affidavit from Faisal Althawadi attached as Exhibit 4).  Plaintiff's Motion for Default Final Judgment

should be vacated based upon the Plaintiff's failure to effectuate service of process as required to obtain service of process in Saudi Arabia.

35. Further, Defendant is a Saudi Arabian business owned by an individual whose understanding of the English language is limited.   (See Form of Affidavit of Faisal Althawadi attached as Exhibit 4).     The Court's use of email communications from Plaintiff's counsel as an indication that the Defendant understood that a lawsuit had been filed against the Defendant, is insufficient to establish that the Defendant actually received a copy of the summons and the complaint in this action.  In fact, Defendant's testimony is that the Defendant did not receive the summons and the complaint in this matter either by Fedex delivery or at any time from opposing counsel.   (See Form of Affidavit of Faisal Althawadi attached as Exhibit 4).

36. Plaintiff's counsel apparently persuaded this Court, that a series of email communications with Defendant took place with Plaintiff's counsel and meant that the Defendant understood that a lawsuit had been filed against the Defendant's business.  This Court determined because the Defendant understood that a lawsuit had been filed against the Defendant, therefore substitute service by Fedex delivery to the mailbox receptionist/front desk coupled with the emails from the Defendant discussing the litigation was sufficient information for the Court to conclude that the Defendant had received the lawsuit that had been filed against his company.

37. There was no basis for the Court to conclude that Plaintiff received the summons and the complaint based upon the communications between the Defendant and Plaintiff's counsel as Defendant did not receive the summons and complaint as alleged. Alternatively, excusable neglect exists to justify this Court vacating the default (See Form

of Affidavit of Faisal Althawadi attached as Exhibit 4). "Upon a showing of insufficient service of process, Fed. R. Civ. Pro. 12(b)(5) provides district courts with authority either to dismiss the complaint or quash the service and require the Plaintiff to re-attempt service of process". Godshalk v. BANA, 8:13-cv-02789-VMC-AEP citing Smith v. Conner, 8:12-CV-52-T-30AEP, 2013 WL 268685 (M.D. Fla. Jan 24, 2013)[2].

38.   As will be explained in further detail hereafter, the Defendant communicated to Plaintiff's counsel the dispute regarding the quality and quantity of the goods in writing, and it is readily apparent in those email communications that Defendant did not understand the lawsuit had already been filed nor that the nature of the claims being raised against his company was claims for lost profits on shipments which have not occurred.   Another important reason that the Defendant would not be able to understand the nature of the claims against his company, had he been served with the summons and the complaint, is that Saudi Arabian law prohibits the recovery of "gharar" meaning damages that are based upon risk and there is uncertainty.   Plaintiff's claims based upon lost profits are "gharar" which damages are not recoverable from the Defendant under Saudi Arabian law.   National Group of Communications and Computers, Ltd. v. Lucent Technologies, 331 F. Supp. 2d 290 (M.D. New Jersey 2004). Saudi Arabian law, similar to the rule in Florida which protects against the recovery for loss profits unless they can be established to a reasonable degree of certainty, is likewise a rule intended to prevent a judgment from being entered based upon amounts which are uncertain.   Osceola Farms v. Sanchez, 238 So.2d 477(Fla.

---

[2] In Smith, the Middle District of Florida went on the state that "when there is no prejudice and service can be accomplished, Courts will generally quash the insufficient service and allow the Plaintiff to perfect service". Id. at *2 citing Geer v. McGregor, 2011 US Dist. LEXIS 130718*9, 2011 WL 550898 (D.S.C. Oct 18, 2011); Ubenhauer v. Woog, 969 F.2d 25, 30 (3d. Cir. 1992); Pell v. Azar Nut Co., Inc., 711 F.2d 949, 950 n.2 (10th Cir. 1983).

4th DCA 1970), <u>Falkner v. Amerifirst Savings & Loan Association</u>, 489 So.2d 758 (Fla. 3d

DCA 1986).

**2. Plaintiff's Alleged Service of Process under Fed. R. Civ. Pro. 4 (c) (3) Violates the Procedural Requirements of Saudi Arabia Law For Valid Service of Process**

39. The Law of Procedure before Sharia Courts – Royal Decree No. M/21 Jumada

1, 1421 [19 August 2000] sets forth the procedural requirements to effectuate service of

process in Saudi Arabia.    Those requirements include the use of a specially appointed

process server who services are required to be utilized to serve the lawsuit in Saudi Arabia.

The service of process rules contain specific requirements for serving the summons and

annotating the return of service. The service of process provisions of Saudi Arabian law

have not been complied with.

Article 14 provides:

A service of process must be in duplicate, an original and an identical copy.  There shall be as many copies as there are persons if several persons are served.
The process must contain the following:
The subject and date of the process, giving the day, the month, the year and the hour of service. The full name, occupation or job and place of residence of the person requesting the process as well as the full name, occupation or job, and place of residence of his representative.
The full name, occupation or job and place of residence of the person served.  If the place of residence at the time of service is unknown, process shall be served at the last [known] place of residence.
The name of the process server and the court where he works.
The name and capacity of the persons who received the copy of the process, and his signature on the original, or an entry showing his refusal and the reason therefor.
The server's signature on both the copy and the original.

Article 15 provides
The server shall deliver a copy of the process to the person to be served at his place of residence or work if available otherwise, he shall deliver it to whoever of his family members, relatives, and in-laws residing with him is present or to whoever works in his service that is present.

40.  Defendant's counsel is filing and requesting this Court to take judicial notice of the procedural law of the Kingdom of Saudi Arabia which sets forth the procedures for service of process.   Cited at page 6, footnote 1 - The Law of Procedure before Sharia Courts – Royal Decree No. M/21 Jumada 1, 1421 [19 August 2000].  (See Separate Notice of Filing and Motion to Take Judicial Notice of Saudi Arabian Law for Service of Process in Saudi Arabia).

41.  Plaintiff has not complied with the procedural requirements of Saudi Arabian Law through the use of a Saudi Arabian process server to effectuate service of process in Saudi Arabia.  Defendant, not having been served with the complaint through either of the means allowed for service of process in Saudi Arabia, does not have a copy of the summons and the lawsuit filed against his company that he has to respond to.  (See Form of Affidavit of Faisal Althawadi attached as Exhibit 4).

### 3.  Plaintiff's Alleged Service of Process under Fed. R. Civ. Pro., Rule 4(f)(3) Does Not Comport with the Requirements Of Florida Law To Effectuate Service Of Process

42.  Under Florida Rules of Civil Procedure, 1.070, Plaintiff's attempt to serve the Defendant would likewise, fail as a matter of law.  Florida requires the use of a Court appointed process server or Court Officer to effectuate service of process.  Fla. R. Civ. Pro. contain other requirements for service of process to be effective.   As in the case of Saudi Arabian Law, Florida law contains specific requirements for the issuance and service of the summons upon the Defendant as well as the requirements for recording the date, time and place of service of the summons and complaint on the return of service.

43.  The requirements of Florida law applicable to service of process, other than the Plaintiff's alleged claim of application of the Federal exception under Fed. R. Civ. Pro.,

Rule 4(3)(c) "by other means not prohibited by international agreement, or as the Court orders" which convinced this Court to recognize substitute service that was alleged to have occurred, have not, in Florida as in the case of Saudi Arabian law, been complied with to effectuate service upon the Defendant.

44. Only in limited instances, have Florida Courts allowed substitute service of process on a corporation by serving an employee if certain procedural requirements are safeguarded. Those procedural requirements include the use of civil process server attempting service of process by substitute service on a corporation have not been satisfied.

45. Fla. Stat. 48.081 (1) provides that process against any private corporation domestic or foreign may be served:

(a) on the president or vice president or other head of the corporation;
(b) in the absence of any person described in paragraph (a), on the cashier, treasurer, secretary or general manager;
(c) in the absence of any person described in paragraph (a) or paragraph (b), on any director
(d) ) or, in the absence of any person described in paragraph (a) or paragraph (b) or paragraph (c), on any officer or business agent residing in the state.

46. Furthermore, Fla. Stat. 48.081(2), (3) provides that an employee located at the corporation's principal place of business may only be served if the corporation has failed to designate a registered agent and registered office (within Florida) in accordance with Fla. Stat. 607. Godshalk v. BANA, 8:13-cv-02789-VMC-AEP (D.E. #6 Defendant's Amended Motion To Vacate and Set Aside Clerk's Default and to Quash Improper and Ineffective Service of Process with Incorporated Memorandum of Law).

47. Florida law requires strict compliance with the substitute service provisions in order for service other than personal service to be effectuated. Plaintiff's counsel has not complied with substitute service statutes for service of process on a foreign corporation as

there has not been compliance with Fla. Stat. 48.081(2) and (3) as there was not service on a company employee or any other corporate representative as provided by Florida law. Godshalk v. BANA, 8:13-cv-02789-VMC-AEP (D.E. #6 ).

48.   Plaintiff's counsel's purported service on a receptionist/front desk representative that was not an employee of the Defendant and without compliance with Fla. Stat. 48.081(1) was invalid. Wyatt v. Haese, 649 So.2d 905 (Fla. 1995) holding a judgment may be attacked at any time that is based upon lack of service because no jurisdiction was obtained over the Defendant when service was not perfected. Id. @ 905 citing Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987).   Where there is a lack of jurisdiction over the Defendant, the judgment is absolutely null and void on its face. Id. @ 905 citing T.J.K. v. N.B., 237 So.2d 592, 595 (Fla. 4th DCA 1970).

## SECTION II– LACK OF CERTAINTY IN CONTRACT AND COMPLAINT FOR DAMAGES PROCESS (4., 5., and 6.)

**4.  On The Face Of The Pleadings And Attached Contract Being Sued Upon, The Contract Lacked An Essential Element For The Formation Of The Contract and The Damages Which the Plaintiff Requested In The Complaint Are Not Authorized Based Upon the Lack of The Essential Element Of The Contract Namely the Price of the Shoes**

49.  The contract is lacking an essential element to establish the formation of the contract on the face of the pleadings, that element being the price of the shoes.

50.  There is no evidence attached to the complaint as to the price for the shoes.

51.  There are no allegations of an oral agreement to the price of the shoes.

52.  Plaintiff's counsel has attempted to supply the essential terms of the contract by referring to an unexecuted amendments, an alleged order for $600,000.00, and an alleged breach of order and for the unexecuted amendment at the price $ 50.00 for 100,000 pairs of shoes for future orders.   The $600,000 order cannot be reconciled to the unshipped

orders for $2.5 million dollars in lost profits that Plaintiff obtained a judgment for without a trial in the matter.

53.   Plaintiff's attachment to the complaint of the unexecuted amendment to the contract that was never accepted by the Defendant, as the basis for the lawsuit against the Defendant, means the contract fails for indefiniteness because there is no writing that is binding against the Defendant.  A default judgment should be vacated where the Plaintiff's complaint fails to state a cause of action. Becerra v. Equity Imports, 551 So.2d 4867, 488 (Fla. 3rd DCA 1989).   In the present case, Plaintiff's attached unexecuted contract and complaint for future orders for the years 2014, 2015, 2016, 2017 and 2018 should result in the default judgment being set aside.

54.   Plaintiff's attachment to the complaint of the unexecuted amendment to the contract that was never accepted by the Defendant violates the Statute of Frauds and the Plaintiff's action based upon the unexecuted contract for 100,000 in unshipped future orders should be vacated by this Court.

### 5.   The Damages being sued for are Special Damages which are Unliquidated Damages under Florida Law and Judgment cannot be Entered without Sworn Evidence and a Trial.

55.   The damages being sued for include unliquidated damages involving goods that Plaintiff never shipped to the Defendant.   The allegations in the Plaintiff's complaint that the damages are capable of being determined by mathematical calculation alone is incorrect.

56.   Plaintiff has not established that the alleged price of the shoes that Plaintiff has sued upon in the complaint, was the price of the shoes in the contract.

57. In the present case, the Plaintiff alleges that Defendant accepted an amendment to a contract and agreed to purchase:

>20,000 pairs of leather shoes in 2014
>20,000 pairs of leather shoes in 2015
>20,000 pairs of leather shoes in 2016
>20,000 pairs of leather shoes in 2017
>20,000 pairs of leather shoes in 2018

58.  Defendant's signature does not appear on the amendment to contract and therefore, Plaintiff is alleging that there was an oral modification of the original contract.

59.  Plaintiff's judgment for damages is therefore based upon the breach of an oral contract and the alleged profit of $25.00 per pair of shoes based upon a purported price of $50.00 per pair of shoes and alleged shipments of 20,000 pairs of shoes per year from 2014, 2015, 2016, 2017 and 2018 for a judgment entered on April 28, 2014.

60.  Plaintiff's judgment on future orders is unsupported by the requirements of contract law including the statute of frauds and violates Florida law which prohibits a judgment on a future contingency which has not yet occurred namely the shipment of 100,000 shoes which future shipments have never taken place. Osceola Farms v. Sanchez, 238 So.2d 477(Fla. 4th DCA 1970), Falkner v. Amerifirst Savings & Loan Association, 489 So.2d 758 (Fla. 3d DCA 1986).

61.  The contract which Plaintiff attached to the complaint requires the use of an irrevocable letter of credit to ensure payment for orders which the Defendant places with the Plaintiff. Plaintiff has failed to allege that the Defendant placed an order (other than the alleged order for $600,000) and that the Defendant breached its obligation to furnish an irrevocable letter of credit as a condition antecedent of placing the order under the contract.

62.   Plaintiff has the right to sue the Defendant for the Plaintiff's actual damages resulting from the Defendant's alleged breach of contract.   Plaintiff's claim that the Defendant placed an order for $600,000.00 may constitute a sufficient allegation for the Plaintiff to sue for that amount (to which claim Defendant has valid defenses and counter-claims) if Plaintiff were to amend its complaint to allege the Defendant failed to procure the irrevocable letter of credit for the amount of the order; however, that claim has not been asserted and Plaintiff's damages claim for $2.5 million is unsupportable based upon Florida law.

### 6.   The Damages Being Sued For, Violate Saudi Arabian Law which Prohibit the Recovery of alleged lost profits.

63.   Saudi Arabian law prohibits the recovery of "gharar" meaning damages that are based upon risk and uncertainty.   Damages recoverable under Saudi Arabian Law include actual damages incurred from a breach of contract, but not damages that are speculative or based upon foreseeability.   Plaintiff's complaint therefore seeks speculative damages including lost profits on future orders which have not occurred which violates Shari law and the religious beliefs of the Defendant which are embodied in Saudi Arabian Law.

64.   In the present case, the Plaintiff's claims are entirely based upon uncertainty. Plaintiff claims that Defendant placed an order for $600,000.00, however, no order was attached to the Plaintiff's complaint.   Such an order document would be best evidence that a contract was formed for that amount as Plaintiff alleges occurred here.

65.   Plaintiff's claims for lost profits on 20,000 shoes per year in orders that were not placed for the years 2014, 2015, 2016, 2017, and 2018 not only violates Florida law,

but violates Shari law which is the law of the Country of Saudi Arabia which prohibits "gharar" or speculative damages.

### SECTION III– OTHER BASIS FOR RELIEF REQUESTED (7, 8, and 9.)

### 7.  The doctrine of forum non conveniens applies

66. The judgment should be set aside for the reasons previously mentioned and the doctrine of forum non conveniens should be applied by this Court in granting the Defendant's Motion for Relief, Motion to Vacate and Motion to Quash.

67.  Specifically, it is alleged that Shari Courts sitting in Saudi Arabia which is the location of the inferior quality product furnished by the Plaintiff to the Defendant, and the location from where the Defendant objected to the quality of the product prior to ordering more shoes, is a more appropriate forum for the matter to be heard and decided between the parties.

68.  The convenience of the witness including the purchasers of the product that complained of the inferior quality of the product are located in Saudi Arabia.  The number of customers that complained about the quality of the product are too numerous for the Defendant to be required to produce them as witnesses for this proceeding in Florida.

69.  The Plaintiff's own complaint and the dealings between the parties evidence a failed business relationship in Saudi Arabia in which Plaintiff's merchandise failed to meet contractual specifications and was inferior quality and the Plaintiff sued the Defendant for not placing orders into the future.

70.  There is a dispute about the reasons that the Defendant did not order the Plaintiff's merchandise.

71.  There was a partial shipment of merchandise that does not meet the specifications for the product and which is inferior quality that is located in Saudi Arabia. The marketplace for the inferior quality product is Saudi Arabia.

72.  The Plaintiff's goods were manufactured and shipped from Brazil directly to Saudi Arabia and the goods did not come from the United States.

73.  The Plaintiff billed the Defendant for the goods manufactured in Brazil and not in the United States.

74.  Defendant submits that the lawsuit is about a failed business relationship involving an exclusive agency agreement between the Plaintiff and the Defendant, the terms of ladies leather shoes and leather slippers were never finalized as problems with the inferior quality of the merchandise contained in samples/models furnished by the Plaintiff to the Defendant, affected the formation of the contract including the price of the goods for future orders that was never agreed to.

75.  Defendant submits the factors weigh in favor of Saudi Arabia being the more appropriate forum to determine the rights of the parties.

### 8.  Estoppel Warrants This Court Granting the Relief Requested

76.  In addition to the Defendant's assertions that the Defendant did not receive the complaint filed in this action, Defendant asserts that Plaintiff engaged in settlement discussions with the Defendant to obtain a partial payment after the litigation had been commenced.

77.  Defendant asserts that the Plaintiff requested and obtained a partial payment in part based upon Plaintiff's representations that the lawsuit was not being filed as long as the Defendant accepted the order to purchase the goods contained in the $600,000 order.

78.  After Defendant remitted the partial payment, Plaintiff advised the Defendant that Plaintiff's counsel was proceeding to file the lawsuit against the Defendant for $2,500,000.00 and placing the $600,000 order was no longer acceptable.

79.  Defendant later learned that Plaintiff's representations were false.

80.  Plaintiff should not have been able to obtain a judgment after litigation was commenced if Plaintiff accepted a partial payment from the Defendant before the judgment was entered.

81.  The Plaintiff's acceptance of a partial payment either before or after the judgment was entered in this case, warrants the dismissal of the Plaintiff's complaint without prejudice.

82.  Plaintiff should be estopped from obtaining a judgment by default when the Plaintiff requested and obtained a partial payment from the Defendant during settlement discussions with the Defendant who was unaware of the nature of the lawsuit against his company.

83.  Plaintiff induced the Defendant to rely upon the Plaintiff's representations that a partial payment and order would resolve any and all litigation claims that the Plaintiff had against the Defendant and the Defendant reasonably relied upon that representation by making the partial payment to the Plaintiff.

**9.  Principles of Fairness and Justice Warrant this Court Granting the Relief Requested Vacating the Default Judgment, Vacating the Default, Quashing Service of Process and Other Relief including Granting the Defendant a Stay of Enforcement of the Judgment**

84.  First, the lack of service or  the insufficient service of process in which the Plaintiff purportedly effectuated service of process by delivering a document with a Fedex

contractor in Saudi Arabia without requesting a signature by the recipient, and the delivery of the package to a receptionist/front desk person whose identity is unknown, on the Saturday of a National Holiday Weekend in Saudi Arabia celebrated as National Unification day constitutes a sufficient basis for this Court to reach the conclusion that excusable neglect exists for this Court to vacate the default judgment and vacate the default against the Defendant.

85.   Faisal Althawadi's communications with the Plaintiff and Plaintiff's counsel do not support the legal conclusion that the Defendant ever received the summons and the complaint in the action.

86.   Principles of fairness and justice including the Defendant's right to a trial on the merits weigh in favor of this Court granting the relief requested including vacating the Default Final Judgment, vacating the default and entering an order quashing service of process in the matter.

87.   Neither Florida law not Saudi Arabian law support the judgment that Plaintiff obtained in this case by default as Florida law requires a trial on the unliquidated damages for an alleged breach of contract on unshipped orders of shoes for the year 2014. Osceola Farms v. Sanchez, 238 So.2d 477(Fla. 4th DCA 1970), Falkner v. Amerifirst Savings & Loan Association, 489 So.2d 758 (Fla. 3d DCA 1986).   Further there is no basis for the judgment that was entered on April 28, 2014 for the unshipped orders of shoes of 20,000 pairs of shoes per year for the years 2015, 2016, 2017 and 2018.   Florida law would not afford the Plaintiff the judgment for lost profits for any of the years sued for including 2014, 2015, 2016, 2017 and 2018 as all of Plaintiff's damages claims are for speculative damages known as "gharar" which are prohibited under Saudi Arabian law.

88.   Defendant has requested other relief from this Court consistent with the Relief Requested to Vacated the Default Final Judgment, to Vacate the Default, and to Quash Service of Process in the form of requesting this Court to enter a stay of the execution and enforcement of the judgment in this proceeding by filing Defendants' Motion to Stay Enforcement of Judgment (D.E. #22).

89.   Defendant requests the costs of this action be taxed against the Plaintiff.

90. Defendant requests an award of reasonable attorney's fees for the Plaintiff's advancement of claims in obtaining a federal judgment not supported by either Florida, Federal or Saudi Arabian law.

WHEREFORE, Defendant, TAMAZ TRADING ESTABLISHMENT, respectfully moves this Court to grant the Defendant's Motion for Relief from the Default Judgment entered in this matter on April 28, 2014 including Defendant's Motion to Vacate Default Final Judgment and Motion to Vacate Judicial Default for Lack of Service of Process, Insufficient Service of Process and Void Service of Process and Motion to Quash Service of Process pursuant to Fed. R. Civ. Pro., Rule 60 (b)(1), (4) and (6), Rule 55(c) and pursuant to Fed. R. Civ. Pro., Rule 4 (f)(2) and (3), and for the other relief requested in the form of Defendant's Motion to Stay Enforcement of the Judgment, award costs and attorney's fees to the Defendant, and all other relief this Court deems appropriate.

/s/Barry G. Roderman, Esq.
Barry G. Roderman, Esq. (FBN #105637)
BARRY G. RODERMAN & ASSOC., PA
2600 North Military Trail, Suite 410
Boca Raton, FL 33431
Phone: (561) 300-3173
Fax: (888) 246-9753
E-mail: mail@barryroderman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent this 12th day of March 2015 by email to david@davidchicolaw.com and regular US mail to David Chico, David Chico Law Group, 607 Celebration Ave,  Celebration, Florida 34747 and to Jim Ippoliti, Esq. via email to jim@celebrationlaw.com and regular US mail to Celebration Law,  P.A. 607 Celebration Ave,  Celebration, Florida 34747.

/s/Barry G. Roderman, Esq.
Barry G. Roderman, Esq. (FBN #105637)