UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DE GAZELL GROUP, INC.,

       Plaintiff,

v.                                        Case No.  6:13-cv-1430-Orl-31TBS

TAMAZ TRADING ESTABLISHMENT,

       Defendant.

_____/

## ORDER

     This case comes before the Court on Defendant, Tamaz Trading Establishment's Motion to Strike Affidavit of Federal Express Employee Under Fed.R.Evid. 803(6) and Otherwise not Meeting the Requirements of Fed.R.Evid. 902(11) and (12) (Doc. 38).

     On motion of Plaintiff, the Court entered default judgment against Defendant (Doc. 20).  Defendant is seeking to set the judgment and underlying default aside (Doc. 29).  As grounds it argues, *inter alia*, that the summons and complaint were not served, or not validly served upon it (Id.).  Plaintiff contends that Defendant was properly served with original process (Doc. 35).  As proof, it has filed the affidavit of a custodian of the records of Federal Express Corporation (Docs. 34-2; 35-1).  Defendant argues that the affidavit should be stricken because Plaintiff has not satisfied the business records exception to the hearsay rule, or the authentication requirements of Federal Rules of Evidence 902(11) and (12) (Doc. 38).  Plaintiff's sole

argument in opposition to the motion to strike is that it is untimely under M.D.Fla. Rule

3.01(b) which states:

> Each party opposing a motion or application shall file within
> fourteen (14) days after service of the motion or application
> a response that includes a memorandum of legal authority
> in opposition to the request, all of which the respondent
> shall include in a document not more than twenty (20)
> pages.

(Doc. 39).

There is no merit in Plaintiff's argument.  Local Rule 3.01(b) deals with the

timing and length of responses to motions.  The affidavit is not attached to any motion.

Therefore, Local Rule 3.01(b) does not apply.  Even if the affidavit had been attached

to a motion, Local rule 3.01(b) would not apply because a response to a motion and a

motion to strike are two different papers.

The Court does not find authority in Fed.R.Evid. 803 or 902 for the filing of a

motion to strike.  Curiously, neither party makes mention of Fed.R.Civ.P. 12(f) which

provides:

> The court may strike from a pleading an insufficient
> defense or any redundant, immaterial, impertinent, or
> scandalous matter.  The court may act:
>
> > (1) on its own; or
> >
> > (2) on motion made by a party either before
> > responding to the pleading or, if a response is not
> > allowed, within 21 days after being served with the
> > pleading.

Fed.R.Civ.P. 12(f).

The plain language of Rule 12(f) makes clear that motions to strike are limited to pleadings.  An affidavit attached to a response to a motion is most assuredly not a pleading as defined by Fed.R.Civ.P. 7(a).  <u>Big Stone Broadcasting, Inc v. Lindbloom</u>, 161 F.Supp.2d 1009, 1013-14 (D.S.D. 2001); <u>Smith v. Southeastern Stages, Inc.</u>, 479 F.Supp. 593, 594-95 (N.d.Ga. 1977); 5C C. Wright, A. Miller, <u>Federal Practice and Procedure</u> § 1380, p. 391-92 (3d ed. 2004).  Accordingly, the motion to strike is due to be denied.

It is also clear that under Rule 12(f) a party has 21 days after being served with a pleading in which to file a motion to strike.  <u>Federal Deposit Insurance Corporation v. Bayer</u>, No. 2:13-cv-752-FtM-29DNF, 2015 WL 686952 at *1 (M.D.Fla. Feb. 18, 2015).  The affidavit was filed twice on March 27, 2015 and the motion to strike was filed on April 24, 2015, i.e., 29 days later (Docs. 34-35, 38).  Consequently, the motion to strike is also properly denied because it is untimely.

For these reasons, Defendant's motion to strike is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 30, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel