UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DE GAZELLE GROUP, INC.,

      Plaintiff,

v.                                    Case No:   6:13-cv-1430-Orl-31TBS

TAMAZ TRADING ESTABLISHMENT,

      Defendant.

_____

## REPORT AND RECOMMENDATIONS

On April 28, 2014, judgment was entered for Plaintiff De Gazelle Group, Inc., and

against Defendant Tamaz Trading Establishment (Doc. 21).   The judgment was not

appealed.   The case is now back before the Court on the following motions and request:

(1) Defendant's Motion for Relief from Judgment Including Motion to Vacate
Default Final Judgment and Motion to Vacate Judicial Default for Lack of Valid
Service of Process, Insufficient Service of Process, and for Void Service of
Process and Motion to Quash Service of Process Based Upon Fed. R. Civ. Pro.,
Rule 60(b)(1), (4) and (6), Rule 55(c) and Rule 4(f)(2) and (3) and for Other Relief
Requested (Doc. 25)[1];

(2) Defendant's Amended Motion for Stay Enforcement of Judgment (Doc. 28);

(3) Defendant's Amended Motion for Relief from Judgment Including Motion to
Vacate Default Final Judgment and Motion to Vacate Judicial Default for Lack of
Valid Service of Process, Insufficient Service of Process, and for Void Service of
Process and Motion to Quash Service of Process Based upon Fed. R. Civ. Pro.,
Rule 60(b)(1), (4) and (6), Rule 55(c) and Rule 4(f)(2) and (3) and for Other Relief
Requested (Doc. 29); and

(4) Defendant's Notice of Filing/Notice to Take Judicial Notice of Royal Decree
M/21, 20 Jumada 1, 1421 [19 August 2000] Containing Legal Procedures for the
County of Saudi Arabia (Doc. 33).

On May 5, 2015 I held a hearing on Defendant's motions and now, respectfully

---

[1] This motion was mooted by the filing of Defendant's amended motion (Doc. 29).

recommend that Defendant's request for judicial notice be granted, and that all motions be denied.

## I. Background

Plaintiff employed FedEx International Priority to effect service of process of this breach of contract claim on Defendant.   This was accomplished by sending copies of the summons and complaint via FedEx to Defendant's registered agent, Faisal Mubarak Althewadi in Al Dammamm, Saudi Arabia (Doc. 13 at 2).   As proof of service, Plaintiff filed a FedEx delivery record showing that the summons and complaint were delivered to "Receptionist/Front Desk," signed for by "Faisal," at P.O. Box 10985, Dammamm, Saudi Arabia, at 13:40, on Saturday, September 21, 2013 (Doc. 8 at 2).   Defendant did not file any papers in response to the complaint and Plaintiff motioned the Court for the entry of a default (Doc. 9).   In its motion, Plaintiff alleged that Defendant was served in accordance with Rule 4(h)(2), which provides that a corporation may be served outside the territorial boundaries of the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."   Rule 4(f) provides multiple methods for service "that [are] reasonably calculated to give notice."   FED. R. CIV. P. 4(f)(2).

The Court denied the motion for entry of default (Doc. 10).   In its Order, the Court explained that Plaintiff had failed to identify the paragraph(s) of Rule 4(f) under which it claimed to have served Defendant (Id.).   The Court also expressed concern about the manner of service Plaintiff employed.   It noted that Plaintiff had not provided any authority for service of process by FedEx; the summons was delivered to an unidentified "Receptionist/Front Desk" at a post office box; and service occurred on a Saturday, which falls on the Saudi Arabian weekend (Id.).

Plaintiff then filed a motion to serve Defendant pursuant to FED. R. CIV. P. 4(f)(3) (Doc. 13).   The rule provides that service can be made "by other means not prohibited by international agreement, as the court orders."   FED. R. CIV. P. 4(f)(3).   Plaintiff alleged in its motion, and Defendant agreed at the hearing, that there are no international agreements providing for the service of process in Saudi Arabi.

Attached to the motion are copies of emails from and to Defendant's registered agent, Mr. Althewadi (Id., at 4-7).   Defendant admits the authenticity of all but the first of these emails (Hearing).[2]   The email Defendant does not admit is from "Faisal," at the same email address as the emails Defendant has admitted.   "Faisal" wrote "Dear Sir I have lawsuit aganiste me from company in Florida they would like you to finde out that and raise lawsuit against them compensation for damages please let me know and the details of fees Faisal -saudi Arabi."  (Id., at 4).   In one of the emails Defendant does admit, an attorney for Plaintiff wrote to Mr. Althewadi "Our firms have filed suit, and are in the process of procuring a default final judgment against [Defendant] in the federal courts of the United States."  (Id., at 7).   In another email admitted by Defendant, one of Plaintiff's attorneys wrote to Mr. Althewadi "As you know, our law firm represents Dr. Ezziddine Diab and [Plaintiff] in a U.S. federal lawsuit against [Defendant]."  (Id., at 6).

In its Order granting Plaintiff's motion the Court observed that the emails show that in October and November, 2013, Mr. Althewadi communicated with one of Plaintiff's attorneys about this dispute (Doc. 15).   The emails clearly state the existence of a federal lawsuit and that the parties engaged in discussions to settle the case (Id.).   The Court explained in its Order that Rule 4(f)(3) was "adopted in order to provide flexibility

---

[2] At the hearing, Defendant's attorney said he had not asked his client about the authenticity of the first email.

and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." Under Armour, Inc. v. 51NFLJERSEY.COM, No. 13-62809-CIV, 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) (quoting In re Int'l Telemedia Assoc., Inc., 245 B.R. 713, 719 (N.D. Ga. 2000)). "Rule 4, Fed. R. Civ. P., is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Sanderford v. Prudential Ins. Co., 902 F.2d 897, 900 (11th Cir. 1990) (internal citations omitted). Once service of process is accomplished, Rule 4(l)(2)(B) requires the plaintiff to file proof of service. If service is made outside any judicial district of the United States, pursuant to Rule 4(f)(2) or (f)(3), proof is made "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Estate of Jackson v. Sandnes, No. 8:13-cv-1133-T-33MAP, 2013 WL 6038828, at *3 (M.D. Fla. Nov. 14, 2013).

The Court found Plaintiff had shown good cause why leave should be granted to permit service of the summons and complaint on Defendant via FedEx. (Doc. 15 at 3). It also found that it was apparent from the emails that Defendant was aware of the lawsuit and had not been prejudiced by any irregularities in the method of service of process employed by Plaintiff. Accordingly, Plaintiff's motion to serve Defendant pursuant to Rule 4(f)(3) was granted (Id.). And, the Court found that good service had been effected on Defendant on September 21, 2013 (Id.). Based upon this Order, Plaintiff filed an amended motion for the entry of default which was entered against Defendant on March 25, 2014 (Docs. 16-17). The next day, Plaintiff filed its motion for the entry of default final judgment (Doc. 18). I considered the motion and submitted my report and recommendation that it be granted (Doc. 19). No objections were filed and the Court

confirmed and adopted my report and recommendation (Doc. 20).   The Clerk entered

judgment on April 28, 2014 (Doc. 21).

Plaintiff alleges that for the past 18 months it has been working with a law firm in

Saudi Arabia for the purpose of executing the Court's final judgment (Doc. 34 at 2).   Mr.

Althewadi has filed his affidavit stating that on February 8, 2015, he learned through the

Saudi Arabian courts that the judgment had been entered (Doc. 31, ¶ 18).   He states that

upon learning of the judgment, he engaged counsel to represent Defendant (Id., ¶ 18).

Mr. Althewadi swears that his office was closed on Saturday, September 21, 2013;

neither he nor his employees worked that day; he did not receive Plaintiff's summons and

complaint; he never signed for a FedEx package on September 21, 2013; his

understanding of English is limited; legal procedures in Saudi Arabia do not allow a party

to initiate a lawsuit through the use of FedEx; and under Saudi Arabian law, a lawsuit is

commenced by the delivery of a summons and complaint by a Saudi Arabian official

charged with responsibility to deliver court papers to parties to the lawsuit (Doc. 31).   Mr.

Althewadi also gives reasons why he believes Defendant has meritorious defenses and

counterclaims against Plaintiff (Id.).

Defendant is asking the Court to stay enforcement of the judgment, vacate the

judgment, vacate the default underlying the judgment, and quash service of process

(Doc. 29).   As grounds, it argues first that service of process in this case does not satisfy

the requirements of Rule 4(f)(3).   Second, that the manner in which Defendant was

served violated Saudi Arabian procedural requirements for service of process in that

country.   Third, process was not served in accordance with Florida law.   Fourth, the

contract sued upon lacks the essential element of price.   Fifth, because Plaintiff sued for

unliquidated damages judgment should not have been entered without sworn evidence

and a trial.   Sixth, Plaintiff's damages are illegal under Saudi Arabian law.   Seventh, Defendant does not recognize the contract sued upon, and Plaintiff has not produced a copy signed by Defendant.   Eighth, the Middle District of Florida is an inconvenient forum.   Ninth, Defendant is entitled to relief based upon principles of fairness and justice. (Id., ¶ 28).   Defendant asks that the Court take judicial notice of a purported English translation of Saudi Arabian Royal Decree No. M/21, 20 Jumada 1, 1421 [19 August 2000] when it considers the pending motions (Doc. 33).   Plaintiff has not objected to the request for judicial notice.   Defendant has also filed an answer and 13 affirmative defenses for the Court to consider should the judgment and underlying default be vacated (Doc. 26).

## II. Discussion

A. Request for Judicial Notice.

Because it is relevant to the analysis of the other issues, I begin with Defendant's request that the Court take judicial notice of Saudi Arabian Royal Decree No. M/21, 20 Jumada 1, 1421 [19 August 2000] (Doc. 33).   Attached to the request is a document obtained from the University of Minnesota, Human Rights Library titled "Law of Procedure before Sharia Courts – Saudi Arabia" (Doc. 33 at 3).   Defendant alleges that the document sets forth the legal procedures for the country of Saudi Arabia (Doc. 33 at 1). The district court "'is permitted to take judicial notice of authoritative statements of foreign law, [but,] nothing requires the court to conduct its own research into obscure sources.'" Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1321 (11th Cir. 2004) (quoting McGhee v. Arabian Am. Oil Co., 871 F.2d 1412, 1424 n. 10 (9th Cir. 1989)).

Federal Rule of Civil Procedure 44.1 provides that "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing."

Plaintiff satisfied this requirement when it filed its request that the Court take judicial notice.   "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."   FED. R. CIV. P. 41.1.   The court's determination of foreign law is treated as a ruling on a question of law.   Id.

Defendant has not established the reliability of the publication upon which it asks the Court to rely.   But, this statement of Saudi Arabian law was argued without objection at the hearing.   Accordingly, I recommend that for purposes of these motions, the Court determine that the publication is a correct statement of Saudi Arabian law.   If the Court disagrees, then the Eleventh Circuit has previously cited with approval the Restatement (Second) of Conflict of Laws, which would apply here.   Mut. Serv.; Cavic v. Grand Bahama Dev. Co., Ltd., 701 F.2d 879, 882 (11th Cir. 1983).   Under the Restatement, the Court should apply its own, local law.[3]

B. Service of Process Generally.

"Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process." Prewitt Enter., Inc. v. O.P.E.C., 353 F.3d 916, 925 n.14 (11th Cir. 2003) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1264 (5th Cir. 1983)).   "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when

---

[3] According to the Restatement:

> [Where] either no information, or else insufficient information, has been obtained about the foreign law, the forum will usually decide the case in accordance with its own local law ....   The forum will usually apply its own local law for the reason that in this way it can best do justice to the parties ....   When both parties have failed to prove the foreign law, the forum may say that the parties have acquiesced in the application of the local law of the forum....

that defendant has not been served." Pardazi v. Cullman Med. Center, 896 F.2d 1313, 1317 (11th Cir. 1990).   Service must substantially comply with the formal requirements of the Federal Rules of Civil Procedure.   Prewitt Enter., Inc., 353 F.3d at 925.   While it is an important factor in deciding if service of process is adequate, actual notice of a lawsuit, standing alone, does not give the court personal jurisdiction over the defendant.   Id. The Court has already determined that good service was effected on Defendant and that it had jurisdiction to enter judgment in this case. See (Doc. 15).

C. Federal Rule of Civil Procedure 55(c).

Defendant seeks relief from the default and default judgment entered against it pursuant to FED. R. CIV. P. 55(c) and 60(b).   Rule 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."   Rule 55(c) is inapplicable at this stage in the proceedings because judgment has been entered against Defendant.   Stansell v. Revolutionary Armed Forces of Columbia, 771 F.3d 713, 738 (11th Cir. 2014).

D. Federal Rule of Civil Procedure 60(b).

Rule 60(b) lists six grounds upon which relief from a final judgment can be granted. Defendant relies upon numbers 1, 4 and 6.   Rule 60(b)(1) states that relief is available based upon "mistake, inadvertence, surprise, or excusable neglect."   Defendant bears the burden of the motion.   PNC Bank, Nat. Ass'n v. Lucmaur, LLC, No. 6:14-cv-248-Orl-37KRS, 2015 WL 1020604, at *1 (M.D. Fla. Mar. 9, 2013).   To qualify for relief under Rule 60(b)(1), the movant must establish: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (quoting Fla.

<u>Physician's Ins. Co. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir. 1993)).   "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission."   <u>Sloss Indus. Corp. v. Eurisol</u>, 488 F.3d 922, 934 (11th Cir. 2007).   In determining whether excusable neglect exists, courts utilize a four-factor balancing test: (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."   <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).

Mr. Althewadi's affidavit and Defendant's proposed answer and affirmative defenses are sufficient to establish a meritorious defense to Plaintiff's complaint. Defendant's claim under Rule 60(b)(1) is that Mr. Althewadi is not familiar with legal procedures in this country and that under Saudi Arabian law, Defendant could not have been served by FedEx.   Defendant's reason for failing to respond to the complaint is not persuasive.   FedEx delivered the summons and complaint to what Defendant conceded at the hearing is its correct address.   Then Mr. Althewadi engaged in email communications with one of Plaintiff's attorneys concerning the claim.   In at least two emails admitted by Defendant, it was told, unequivocally, that the lawsuit had been filed yet it did nothing to defend itself.   While Mr. Althewadi may be unfamiliar with legal procedures in this country, Defendant should not be permitted to ignore unambiguous statements that a lawsuit was pending against it.   Additionally, in the contract Defendant admits entering into with Plaintiff, the parties agreed that their dealings would be "governed and subject to, and constructed in accordance with the laws of the state of Florida and the United States of America."   (Doc. 1-1 at 6).   If Defendant was unfamiliar

with this country's laws, then it was incumbent upon Defendant to inform itself at the latest, when Plaintiff's lawyers told it the lawsuit had been filed.   Consequently, I find that Defendant has not worked diligently to protect its interests and therefore, that the granting of relief would not be appropriate.   <u>Stansell</u>, 771 F.3d at 737 ("Because Herrera knowingly sat on his rights for nine months before filling anything at all with the district court, he waived his right to object to any defects in the service of process or to any denial of his right to be heard.").

Plaintiff will be prejudiced if Defendant is granted relief.   If the case is reopened now, the delay between the filing of Plaintiff's complaint in 2013 and the ultimate resolution of the case will be substantial.   This will prejudice Plaintiff in pursuit of its claim against Defendant and significantly impact the judicial process.   Plaintiff will also be prejudiced because it has expended time and money, working for more than a year to enforce its judgment in Saudi Arabia, where Defendant is located.   According to Plaintiff's Saudi Arabian attorney "We are in very Advance stage to enforce the judgment, and I have to mention that any changes to the US judgment will prejudice the case in the Saudi courts at this time."   (Doc. 34-1).

For all of these reasons, I find that Defendant is not entitled to relief under Rule 60(b)(1).

Rule 60(b)(4) states that the court can relieve a party from a judgment that is void. A judgment can be set aside as void where the court lacked jurisdiction or the movant was denied due process.   <u>Stansell</u>, 771 F.3d at 736.   But, "[i]t is well settled that a judgment is not void 'simply because it is or may have been erroneous.'"   <u>Id.</u>, at 737 (quoting <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 270 (2010)).

Defendant argues, based upon the holding in <u>Prewitt Enter., Inc.</u>, that service was

ineffective, and therefore, the Court lacked jurisdiction over it, because under Saudi Arabian law, service was illegal.   Prewitt Enter., Inc., is not persuasive and is distinguished from this case because it involved an attempt at service that was expressly prohibited by foreign law.   See 353 F.3d 916, 923.   That is not the case here.   Service of process by FedEx is not specifically prohibited by Saudi Arabian law.   As the court stated in Tracfone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV, 268 F.R.D. 687, 691 (S.D. Fla. 2010), "Defendant here has not put forth any evidence that Honduran law *prohibits* the method of service that Plaintiff proposes; Defendant simply argues that such service is not expressly *authorized* under Honduran law.   Accordingly, the Court finds Prewitt to be factually inapposite."   (Emphasis in original); see also Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002) ("In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.") (citing Mayor-al-Amy v. BH1 Corp., 180 F.R.D. 456, 459 n. 4 (S.D. Fla. 1998)).

Defendant has argued that Plaintiff should have attempted to effect service through letters rogatory, but the law does not require Plaintiff to use the best means of service, only lawful means.   Service by FedEx satisfied the requirements of Rule 4(f)(3), which mandates that the method of service be directed by the court and must not be prohibited by international agreement.   "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'   It is merely one means among several which enables service of process on an international defendant."   Ehrenfeld v. Salim A Bin Mahfouz, No. 04 Civ. 9641(RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005); see also The Estate of Jackson v. Sandnes, No. 8:13-cv-1133-T-33MAP, 2013 WL 6038828,

at *3 (M.D. Fla. Nov. 14, 2013).   The evidence demonstrates that Defendant had actual knowledge of the lawsuit.   See The Estate of Jackson v. Sandnes, 2013 WL 6038828, at *3 ("Rule 4 ... is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.").   Accordingly, I find that service of process on Defendant was valid.

Rule 60(b)(6) is a catchall provision under which relief can be granted for "any other reason that justifies relief."   It "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."   Gill v. Wells, ___ F. App'x. ___, No. 14-12303, 2015 WL 1726579, *2 (11th Cir. Aug. 16, 2015) (quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)).   The movant "must demonstrate a justification so compelling that the [district] court [is] required to vacate its order." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986).   Defendant has not argued or proven any circumstances that satisfy this high bar.

E. Defendant's Remaining Grounds for Relief.

Because I find that Plaintiff obtained good service of process on Defendant and that default final judgment was properly entered against Defendant, I conclude that the Court does not reach Defendant's remaining arguments.

### III. Conclusion

For these reasons, I respectfully recommend that the district court:

(1) **Deny as moot** Defendant's Motion for Relief from Judgment Including Motion to Vacate Default Final Judgment and Motion to Vacate Judicial Default for Lack of Valid Service of Process, Insufficient Service of Process, and for Void Service of Process and Motion to Quash Service of Process Based Upon Fed. R. Civ. Pro., Rule 60(b)(1), (4) and (6), Rule 55(c) and Rule 4(f)(2) and (3) and for Other Relief Requested (Doc. 25);

(2) **Deny** Defendant's Amended Motion for Stay Enforcement of Judgment (Doc. 28);

(3) **Deny** Defendant's Amended Motion for Relief from Judgment Including Motion to Vacate Default Final Judgment and Motion to Vacate Judicial Default for Lack of Valid Service of Process, Insufficient Service of Process, and for Void Service of Process and Motion to Quash Service of Process Based upon Fed. R. Civ. Pro., Rule 60(b)(1), (4) and (6), Rule 55(c) and Rule 4(f)(2) and (3) and for Other Relief Requested (Doc. 29); and

(4) **Grant** Defendant's Notice of Filing/Notice to Take Judicial Notice of Royal Decree M/21, 20 Jumada 1, 1421 [19 August 2000] Containing Legal Procedures for the County of Saudi Arabia (Doc. 33).

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 8, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record