# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DE GAZELLE GROUP, INC.,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:   6:13-cv-1430-Orl-31TBS

**TAMAZ TRADING ESTABLISHMENT,**

    **Defendant.**

## ORDER

In September 2013, DeGazelle Group, Inc. ("DeGazelle"), a Florida corporation, filed suit against Tamaz Trading Establishment ("Tamaz"), a Saudi Arabian company, alleging breach of contract (Doc. 1).   After initially denying Plaintiff's Motion for Entry of Default (Doc. 10), Magistrate Judge Smith entered an Order on March 19, 2014 (Doc. 15), granting Plaintiff's Motion to Serve Defendant with process pursuant to Fed.R.Civ.P. 4(f)(3) (Doc. 13).   On March 20, 2014, Plaintiff filed an Amended Motion for Entry of Clerk's Default (Doc. 16).   The Clerk entered default on March 25, 2014 (Doc. 17).

On March 26, 2014, Plaintiff filed a Motion for Default Judgment against Tamaz.   On April 8, 2014, Magistrate Judge Smith issued a Report and Recommendation (Doc. 19) recommending that Plaintiff's Motion be granted and that judgment be entered against Tamaz in the amount of $2,500,000.00.   On April 25, 2014, this Court confirmed and adopted the Report and Recommendation (Doc. 20).   A default judgment was entered on April 28, 2014, and the case was closed (Doc. 21).

Ten months later, in March 2015, counsel appeared for Tamaz (Doc. 22) and filed various motions seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b) (Doc. 28 and 29).

Plaintiff filed memoranda in opposition to these motions (Doc. 34 and 35).   Judge Smith conducted a two-hour hearing on May 5, 2015 and thereafter entered a Report and Recommendation (Doc. 43), recommending that Defendant's Motions be denied.[1]  The matter is now before this Court upon the Defendant's Objection to the Report and Recommendation (Doc. 48) and Plaintiff's response thereto (Doc. 49).

The gravamen of Defendant's appeal is that Judge Smith erred in denying relief under Fed.R.Civ.P. 60(b), because service of process on Tamaz was insufficient under both US and Saudi Arabian law.

In his Report and Recommendation, Judge Smith thoroughly considered and analyzed the evidence presented, and found that Defendant was served with process and had actual notice of the Complaint filed against it.   He concluded that service of process on Tamaz was in accordance with Fed.R.Civ.P. 4(f)(3) and was not prohibited by Saudi Arabian law.   He also analyzed the portions of Rule 60(b) relied upon by Defendant and found that granting the motions would be prejudicial to Plaintiff, and that Tamaz had not shown good cause for failing to respond to the Complaint.

In consideration of Defendant's appeal, this Court has reviewed the entire record of this case *de novo* and concludes that Judge Smith's factual findings and conclusions of law are correct. It is, therefore

---

[1] As a procedural matter, Magistrate Judge Smith recommended that Defendant's Motion to Take Judicial Notice of a Saudi Arabian Royal decree (doc. 33) be granted.

**ORDERED** that Defendant's objection to the Report and Recommendation (Doc. 48) is OVERRULED.   The Report and Recommendation (Doc. 43) is CONFIRMED and ADOPTED as part of this Order.   The Defendant's Motions (Doc. 28 and 29) are DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 9, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party