[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13543
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-01430-GAP-TBS

DE GAZELLE GROUP, INC.,
a Florida Corporation,

                                                                                              Plaintiff-Appellee,

versus

TAMAZ TRADING ESTABLISHMENT,
a Saudi Arabian Company,

                                                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 30, 2016)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

MARCUS, Circuit Judge:

      Tamaz Trading Establishment ("Tamaz"), a Saudi Arabian company, appeals the district court's denial of its Fed. R. Civ. P. 60(b)(4) motion to vacate a

$2,500,000 default judgment against it as void for lack of service of process. The district court granted the default judgment in favor of De Gazelle Group, Inc. ("De Gazelle"), a Florida corporation, on De Gazelle's breach-of-contract claim against Tamaz. On appeal, Tamaz argues that the district court erred in concluding that De Gazelle had properly served it using Federal Express ("FedEx"), when that means of service is not specifically authorized by Federal Rule of Civil Procedure 4 and De Gazelle had not received prior court authorization to serve Tamaz using that method. After careful review, we reverse and remand.

Generally, we review the denial of a Rule 60(b) motion to vacate a default judgment under the deferential abuse-of-discretion standard. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013). However, we review the denial of a Rule 60(b)(4) motion to vacate a default judgment as void for lack of service of process de novo, because the district court's failure to vacate a void judgment is per se an abuse of discretion. See Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic, 788 F.3d 1329, 1337-38 (11th Cir. 2015); Oldfield v. Pueblo de Bahia Lora, S.A., 558 F.3d 1210, 1217-18 (11th Cir. 2009).

The Supreme Court has said this about the service-of-process requirement:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served. Thus, before a court may exercise personal jurisdiction over a defendant, there must be

2

more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There must also be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987) (quotation, citation, and alteration omitted), superseded on other grounds by Fed. R. Civ. P. 4(k)(2) (1993). As such, "an individual or entity is not obliged to engage in litigation unless officially notified of the action . . . under a court's authority, by formal process." Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 925 (11th Cir. 2003) (quotation and alteration omitted).

Pursuant to Fed. R. Civ. P. 4(h), corporations may be served outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). The methods prescribed in Rule 4(f) for serving an individual outside the United States include:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

3

>   (B)   as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>   (C)   unless prohibited by the foreign country's law, by:
>
>   . . .
>
>     (ii)   using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3)   by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

In this case, De Gazelle sent its summons and complaint via Federal Express to Tamaz's post office box in Saudi Arabia, care of the company's registered agent, Faisal Mubarak Althawadi. FedEx delivered the package on Saturday, September 21, 2013. When Tamaz did not respond to the complaint within 21 days, De Gazelle moved for a clerk's default. A magistrate judge denied the motion, on the grounds that (1) De Gazelle had provided no authority for service via Federal Express, (2) the summons was delivered to an unidentified "Receptionist/Front Desk" at a post office box, and (3) service occurred on a Saturday, which was a weekend day in Saudi Arabia.

Subsequently, De Gazelle moved to extend the time for service and moved for authorization, under Fed. R. Civ. P. 4(f)(3), to serve Tamaz via FedEx. In support, De Gazelle submitted a print-out of an online inquiry, which was sent by "Faisal" to a professional services referral website, Scorpion Design, and which,

4

coincidentally, was forwarded to De Gazelle's counsel. The inquiry stated (in broken English): "I have lawsuit against[] me from company in Florida they would like you to find[] out that and raise lawsuit against them compensation for damage please let me know and the details of fees." De Gazelle's counsel responded to the email, informing "Faisal" that because his firm represented De Gazelle he had a direct conflict of interest and could not represent Tamaz. Counsel also noted that De Gazelle had "filed suit, and [was] in the process of procuring a default final judgment against [Tamaz] in the federal courts of the United States."

Based on this evidence, the magistrate judge found that Tamaz was aware of De Gazelle's lawsuit and had not been prejudiced by "any irregularities" in the method of process used by De Gazelle. The magistrate judge then granted De Gazelle's motion to serve Tamaz via Federal Express and found that service had been retroactively effected on September 21, 2013. The district court later entered a final default judgment against Tamaz.

After De Gazelle took steps to enforce the default judgment through the Saudi Arabian courts, Tamaz moved to vacate the default judgment on several grounds, including that the judgement was void for lack of service of process. The magistrate judge recommended that the district court deny the motion, noting his earlier determination that "good service was effected on Defendant and that

[the court] had jurisdiction to enter judgment in this case." The district court adopted the magistrate judge's recommendation and denied Tamaz's motion.

On appeal, Tamaz argues that the district court erred in concluding that De Gazelle effected good service on September 21, 2013, because De Gazelle failed to comply with Fed. R. Civ. P. 4(f)(3) by seeking prior court authorization for service via FedEx.[1] We agree. As the Supreme Court has explained, "before a court may exercise personal jurisdiction over a defendant . . . there must be authorization for service of summons on the defendant." Omni Capital, 484 U.S. at 104. If a party cannot, or chooses not to, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may accomplish service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3) (emphasis added).

When De Gazelle FedExed the summons and complaint to Tamaz's post office box on September 21, 2013, it was not acting pursuant to a court order. In fact, De Gazelle did not seek court authorization to serve Tamaz via Federal

---

[1] In its responsive brief, De Gazelle contends that Tamaz has waived this argument because Tamaz did not specifically argue in the district court that prior court approval was required. Our review of the record, however, shows that Tamaz indeed argued that De Gazelle's attempt at service on September 21, 2013, did not comply with the requirements of Fed. R. Civ. P. 4(f)(3). Even to the extent the argument at issue here was not preserved, we would exercise our discretion to review it, because whether Rule 4(f)(3) requires prior court authorization is a pure question of law, and our failure to address Tamaz's argument here would result in a miscarriage of justice, namely, the enforcement of a $2,500,000 default judgment against it, where it was never served in compliance with Rule 4. See Dean Witter Reynolds, Inc. v. Fernandez, 741 F.2d 355, 360-61 (11th Cir. 1984).

Express until the magistrate judge denied its first motion for a default judgment on the ground that De Gazelle failed to show that service via FedEx was authorized under Rule 4.  The magistrate judge's reliance, in later finding that service had been effected on September 21, 2013, on evidence showing that Althawadi, Tamaz's registered agent, had actual notice of the lawsuit was misplaced, since notice does not confer personal jurisdiction on a defendant when it has not been served in accordance with Rule 4.  See Omni Capital, 484 U.S. at 104 ("[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant . . . .   There also must be . . . authorization for service of summons on the defendant."); Prewitt, 353 F.3d at 925 ("[E]ven though OPEC had actual notice of the filing of the suit, service of process was ineffective because it was clearly not in substantial compliance with the requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii)."); see also Brockmeyer v. May, 383 F.3d 798, 806 (9th Cir. 2004) (holding that, under Rule 4(f)(3), plaintiffs "must obtain prior court approval for the alternative method of serving process") (emphasis added).

Accordingly, the district court erred in concluding that Tamaz had been properly served on September 21, 2013.  We reverse the order denying Tamaz's

motion to vacate the default judgment as void for lack of service of process, and remand the case for further proceedings consistent with this opinion.[2]

**REVERSED AND REMANDED.**

---

[2] In light of our disposition of the case, we need not reach Tamaz's alternative arguments on appeal.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg
Acting Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 30, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  15-13543-BB
Case Style:  De Gazelle Group, Inc. v. Tamaz Trading Establishment
District Court Docket No:  6:13-cv-01430-GAP-TBS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellee.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs