UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DE GAZELLE GROUP, INC.,

    Plaintiff,

v.                                                  Case No:   6:13-cv-1430-Orl-31TBS

TAMAZ TRADING ESTABLISHMENT,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court are:

- Plaintiff's Motion for Extension of Time to File Service of Process (Doc. 60);

- Plaintiff's Motion for Service By Publication (Doc. 61);

- Defendant's Response in Opposition to Plaintiff's Motion for Extension of Time to File Service of Process and Motion for Service By Publication (Doc. 63);

- Plaintiff's Amended Motion for Service By Publication (Doc. 64);

- Plaintiff's Verified Amended Motion for Extension of Time to File Service of Process (Doc. 66); and

- Defendant's Response in Opposition to Plaintiff's Verified Amended Motion for Extension of Time to File Service of Process and Amended Motion for Service By Publication (Doc. 67).

Upon due consideration, I respectfully recommend that the district judge **deny** all of Plaintiff's motions and **dismiss** the case.

### Background

Plaintiff filed this breach of contract action against Defendant Tamaz Trading Establishment on September 16, 2013 (Doc. 1). Plaintiff employed Federal Express ("Fed

Ex") to effect service of process on Defendant by sending copies of the summons and complaint to Faisal Mubarak Althewadi as registered agent in Al Dammamm, Saudi Arabia (Doc. 13 at 2). As proof of service, Plaintiff filed a FedEx delivery record showing that the summons and complaint were delivered to "Receptionist/Front Desk," signed for by "Faisal," at P.O. Box 10985, Dammamm, Saudi Arabia, at 13:40, on Saturday, September 21, 2013 (Doc. 8 at 2). Defendant did not file any papers in response to the complaint and Plaintiff motioned the Court for the entry of a default (Doc. 9). In its motion, Plaintiff alleged that Defendant was served in accordance with Rule 4(h)(2), which provides that a corporation may be served outside the territorial boundaries of the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f) provides multiple methods for service "that [are] reasonably calculated to give notice." FED. R. CIV. P. 4(f)(2).

The Court denied the motion for entry of default (Doc. 10). In its Order, the Court explained that Plaintiff had failed to identify the paragraph(s) of Rule 4(f) under which it claimed to have served Defendant (Id.). The Court also expressed concern about the manner of service Plaintiff employed. It noted that Plaintiff had not provided any authority for service of process by FedEx; the summons was delivered to an unidentified "Receptionist/Front Desk" at a post office box; and service occurred on a Saturday, which falls on the Saudi Arabian weekend (Id.).

Plaintiff then filed a motion to serve Defendant pursuant to FED. R. CIV. P. 4(f)(3) (Doc. 13). The rule provides that service can be made "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). Plaintiff alleged in its motion, and Defendant agreed at a hearing, that there are no international agreements providing for the service of process in Saudi Arabi.

Attached to the motion are copies of emails from and to Defendant's registered agent, Mr. Althewadi (Id., at 4-7). Defendant admitted the authenticity of all but the first of these emails (Hearing).[1] The email Defendant did not admit is from "Faisal," at the same email address as the emails Defendant admitted. "Faisal" wrote "Dear Sir I have lawsuit aganiste me from company in Florida they would like you to finde out that and raise lawsuit against them compensation for damages please let me know and the details of fees Faisal -saudi Arabi." (Id., at 4). In one of the emails Defendant admitted, an attorney for Plaintiff wrote to Mr. Althewadi "Our firms have filed suit, and are in the process of procuring a default final judgment against [Defendant] in the federal courts of the United States." (Id., at 7). In another email admitted by Defendant, one of Plaintiff's attorneys wrote to Mr. Althewadi "As you know, our law firm represents Dr. Ezziddine Diab and [Plaintiff] in a U.S. federal lawsuit against [Defendant]." (Id., at 6).

In its Order granting Plaintiff's motion the Court observed that the emails show that in October and November, 2013, Mr. Althewadi communicated with one of Plaintiff's attorneys about this dispute (Doc. 15). The emails state the existence of a federal lawsuit and that the parties engaged in discussions to settle the case (Id.). The Court explained in its Order that Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." Under Armour, Inc. v. 51NFLJERSEY.COM, No. 13-62809-CIV, 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) (quoting In re Int'l Telemedia Assoc., Inc., 245 B.R. 713, 719 (N.D. Ga. 2000)). The Court found Plaintiff had shown good cause why leave should be granted to permit service of the summons and complaint on Defendant via FedEx (Doc. 15 at 3). It also found that it was apparent from the emails that Defendant

---

[1] At the hearing, Defendant's attorney said he had not asked his client about the authenticity of the first email.

was aware of the lawsuit and had not been prejudiced by any irregularities in the method of service of process employed by Plaintiff. Accordingly, Plaintiff's motion to serve Defendant pursuant to Rule 4(f)(3) was granted (Id.). And, the Court found that good service had been effected on Defendant on September 21, 2013 (Id.).

Based upon this Order, Plaintiff filed an amended motion for the entry of default which was entered against Defendant on March 25, 2014 (Docs. 16-17). The next day, Plaintiff filed its motion for the entry of default final judgment (Doc. 18). I considered the motion and submitted my report and recommendation that it be granted (Doc. 19). No objections were filed and the Court confirmed and adopted my report and recommendation (Doc. 20). The Clerk entered judgment on April 28, 2014 (Doc. 21).

Defendant moved to stay enforcement of the judgment, vacate the judgment, vacate the default underlying the judgment, and quash service of process and on May 8, 2015, I entered a report and recommendation that the motion be denied (Doc. 43). The district court overruled Defendant's objection (Doc. 48) and adopted the report and recommendation in its entirety (Doc. 50).

On August 6, 2015, Defendant appealed the district court's ruling to the Court of Appeals for the Eleventh Circuit (Doc. 53). On appeal, Defendant argued that the district court erred in concluding that Plaintiff had properly served it using FedEx, when that means of service is not specifically authorized by Federal Rule of Civil Procedure 4 and Plaintiff had not received prior authorization from the Court to serve Defendant by that method (Doc. 53 at 2). The Court of Appeals determined that Plaintiff erred by not first seeking the Court's permission to serve Defendant via FedEx (Id. at 6) On March 30, 2016, the Court of Appeals reversed the district court's decision and remanded the case (Id.). On May 3, 2016, the district judge reopened the case and reinstated Defendant's motion for relief from judgment (Doc. 55).

On September 23, 2016, the district judge vacated the Clerk's entry of default (Doc. 17) and Default Judgment (Doc. 21) and denied the motion for relief from judgment as moot (Doc. 58). **The district judge gave Plaintiff until October 28, 2016 to effectuate service on Defendant** (Id.). Plaintiff did not file proof of service by the deadline and on November 15, 2016, the district judge directed Plaintiff to show cause why the case should not be dismissed for its failure to effect service on Defendant (Doc. 59). On November 29, 2016, Plaintiff filed a response to the show cause order,[2] a motion for extension of time to file service of process (Doc. 60) and a motion for service by publication (Doc. 61). Plaintiff amended its motions on December 2, 2016 (Docs. 64, 66). Defendant has filed a response in opposition (Doc. 67) and the motions are now ripe for review.

## Discussion

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." The concepts of good cause and excusable neglect "require[ ] a showing of good faith and a reasonable basis for noncompliance with the time set forth in the rule." Pullins v. BI-LO Holdings, LLC, CV 215-162, 2016 WL 7217279, at *2 (S.D. Ga. Dec. 12, 2016). Inadvertence of counsel and an attempt to settle the dispute do not establish good cause for failing to comply with a court ordered deadline. Id.; Leonard v. Stuart-James Co., Inc., 742 F. Supp. 653, 662 (N.D. Ga. 1990).

In the amended motion for extension of time to effectuate service, Plaintiff states:

---

[2] The order to show cause has not been extinguished and remains pending before the district judge.

- 5 -

> 7. Since this Court's Order of September 22, 2016[3], Plaintiff has been travelling extensively overseas, including but not limited to Saudi Arabia and the Middle East, with limited or no access to reliable internet service.
>
> 8. Notification of this Court's September 22, 2016 order was inadvertently and mistakenly lost or overlooked by Plaintiff due to the limited internet access.
>
> . . . .
>
> 10. Plaintiff's delay in responding to this Court's September 22, 2016 Order was due to excusable neglect, and was not intended to delay these proceedings.
>
> 11. In addition, since this Court's Order of September 22, 2016, Plaintiff has attempted in good faith to amicably resolve this matter through the courts of Saudi Arabia. Plaintiff had a good faith belief that said legal actions with the Saudi Arabia court would result in a settlement, thereby making this case moot.
>
> 12. Plaintiff's good faith belief was improper, and now realizes that the action by the Saudi Arabia court may take years to resolve.

(Doc. 66 at 2).

Plaintiff does not claim that it made any attempt to serve Defendant between the time the Court of Appeals issued its opinion (March 30, 2016) and the date Plaintiff filed its initial motion for extension of time and motion to serve Defendant (November 29, 2016).

Plaintiff does not offer any explanation for its failure to act prior to September 23, 2016.

Plaintiff fails to explain what its difficulty obtaining internet service during an unspecified period of time beginning months after the Court of Appeals ruled and the case was reopened has to do with failing to take prompt action to serve Defendant. It also

---

[3] Plaintiff appears to refer to the Court's September 23, 2016 Order as the September 22, 2016 Order.

- 6 -

does not explain why Plaintiff and its lawyer did not decide upon a course of action prior to September 23.

Plaintiff's explanation does not address why, assuming a lack of internet, it could not or did not discuss this matter telephonically with its lawyer, or whoever else it needed to speak with, in order to take prompt action to serve Defendant.

Absent a plausible explanation by Plaintiff (none was provided), I will not speculate about what the lack of internet access and losing or overlooking an Order have to do with Plaintiff's delay in serving Defendant. It certainly does not explain Plaintiff's failure to act diligently after the Court of Appeals issued its March 30 decision.

There is no allegation that Plaintiff's lawyer overlooked or lost the Court's September 23 Order. Plaintiff has not explained what its misplacing or losing the Order has to do with its counsel's failure to act.

The Court's September 23 Order vacated the Clerk's entry of default and the default judgment. Plaintiff has not argued, let alone provided legal authority for the proposition that these were conditions precedent to its moving forward to properly serve Defendant.

It is worth noting that Plaintiff's excuse that the delay was caused by inadvertence was not mentioned in its original motions for extension of time and to serve Defendant. Plaintiff only made this assertion after Defendant pointed out that Plaintiff's original motions failed to articulate good cause (Doc. 63 at 3).

Plaintiff's remaining excuse is that at an unspecified point in time after entry of the September 23, 2016 Order, it attempted to settle this matter through the Saudi Arabian courts. This says nothing about Plaintiff's failure to act from May 3 when the case was reopened until settlement negotiations began. And, engaging in settlement negotiations is not sufficient grounds to excuse the delay. Leonard, 742 F. Supp. at 662.

### Conclusion

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the district court,

(1) **DENY AS MOOT** Plaintiff's Motion for Extension of Time to File Service of Process (Doc. 60);

(2) **DENY AS MOOT** Plaintiff's Motion for Service by Publication (Doc. 61);

(3) **DENY** Plaintiff's Amended Motion for Service by Publication (Doc. 64);

(4) **DENY** Plaintiff's Verified Amended Motion for Extension of Time to File Service of Process (Doc. 66); and

(5) **DISMISS** the case for Plaintiff's failure to effect service on Defendant pursuant to this Court's order of September 23, 2016.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 22, 2016.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record